IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| AKC GLOBAL, LLC, A KILLER'S CONFESSION, AND WAYLON REAVIS, <br><br> Plaintiffs, <br><br> v. <br><br> NETFLIX, INC., <br><br> Defendant. | Case No. 2:22-cv-8847 <br><br> HONORABLE JUDGE DALE S. FISCHER |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs AKC GLOBAL, LLC, A KILLER'S CONFESSION, AND WAYLON REAVIS (collectively, "Plaintiffs") hereby file this Original Complaint and allege as follows:

## PARTIES

1. Plaintiff AKC GLOBAL, LLC ("AKC") is a limited liability company organized and existing under the laws of the State of Ohio, with its principal place of business located in Akron, Ohio.

2. Plaintiff A Killer's Confession is an award winning, touring, Billboard Top 40 American Alternative Metal band from Cleveland, Ohio.

3. Plaintiff Waylon Reavis ("Reavis") is an individual who is a citizen and resident of Akron, Ohio. Mr. Reavis is a renowned musician with the overall mission of entertaining and uniting the masses through music. Mr. Reavis has developed a tremendous fanbase and an extremely valuable goodwill and reputation as the lead vocalist, songwriter, and producer, including as the owner and lead vocalist of *A Killer's Confession*®, a co-Plaintiff in this action, on an international basis in the entertainment industry, as well as in many merchandise areas.

4. Upon information and belief, Defendant Netflix, Inc. ("Netflix" or "Defendant") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Los Gatos, California. Netflix is an entertainment company with over 220 million subscribers, offering streaming content in more than 190 countries.[1]

## JURISDICTION AND VENUE

5. This action arises under the Lanham Act, 15 U.S.C. §1051 et seq., and California law as to unfair competition, deceptive and unfair trade practices, and unjust enrichment.

6. Jurisdiction of the subject matter of this action is conferred on this Honorable Court by 28 U.S.C. §§1331, 1338, and 1367.

7. This Honorable Court has specific personal jurisdiction over Defendant because Defendant has purposefully availed itself to California, where it is headquartered, and because it continuously and systematically conducts, transacts, and solicits business in California. Furthermore, Defendant has committed, and continues to commit, tortious acts within California by marketing, promoting, advertising, distributing, and offering the Netflix true crime documentary miniseries titled "The Confession Killer" on its platform, and licensing streaming rights to other platforms.

8. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c), in that a substantial part of the events giving rise to the claims – including, but not limited to, Defendants' marketing, promotion, advertising, distribution, licensing, and offering of the "Netflix Original Series…The Confession Killer" on its platform, all of which violates Plaintiffs' exclusive rights in the mark – occurred in this District, and as a direct result of these acts, Plaintiffs are suffering harm in this District.

---

[1] http://bit.ly/3UBNRRk

9. Moreover, based on the aforementioned acts and events, Defendant is subject to personal jurisdiction in this District.

## BACKGROUND

10. Plaintiff AKC has operated, performed, entered into agreements, published its work, and offered AKC-related products, such as singles, and albums, as well as merchandise, nationally and internationally since 2016.

11. In September 2016, Plaintiff Reavis announced on Facebook that his new project, "A Killer's Confession" had signed a deal with EMP Label Group, a major independent music label.

12. In 2016, AKC won the Stone Chrome Radio Listener's Choice Awards "Breakout Band of the Year" award.

13. In 2017, AKC released its first album, "Unbroken", to critical acclaim and to multiple awards, such as a sweep of the Rock Rage Radio Awards, which included "Album of the Year" for "Unbroken" and "Male Singer of the Year" for Reavis.

14. In October 2019, two months prior to the airing of Netflix's "The Confession Killer", AKC released its second album, "The Indifference of Good Men."

15. On or around December 6, 2019, over three years *after* AKC's formation, announcement to the public, and launch of its multi-faceted business in the entertainment industry, Netflix launched its original series titled "The Confession Killer."

16. Therefore, the first airing of Netflix's "The Confession Killer" series, occurred several years after AKC's commencement of the use of the mark "A Killer's Confession" in December 2019.

17. Similarly, Netflix's "The Confession Killer" series was created and became available well after AKC entered the public sphere and commenced offering its production and promoting its musical prowess.

18. There has been actual confusion as to the origin between AKC and Netflix's "The Confession Killer" series as a result of the similarity of the names – AKC's "A Killer's Confession" and Netflix's "The Confession Killer" (collectively, "Names") – and the similarity between AKC's trademarked logo and Netflix's infringing logo for "The Confession Killer."[2]

19. The confusion has ranged from active boycotting of AKC on the erroneous belief, instilled by Netflix's "The Confession Killer" series, that AKC is a supporter of serial killers, to actual death threats against AKC members, in particular to Plaintiff Reavis, to the continued interviews in which AKC is associated with an unwavering support for serial killers, in particular of Henry Lee Lucas, the subject of Netflix's series.

20. As a result of the persisting confusion created by Netflix's "The Confession Killer" series, AKC's mark is being tarnished, blemished, and hurt.

21. Importantly, Defendant did not contact Plaintiffs for permission to use AKC's mark, even though a simple online search would have revealed the existence of AKC and the appearance of its trademarked logo, which was first used in commerce on or around December 16, 2016.

**COUNT I**
**FALSE DESIGNATION OF ORIGIN**
**PURSUANT TO 15 U.S.C. §1125(a)**

22. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-21 of this Complaint.

---

[2] The "A Killer's Confession" mark is an original, unique design and first sought protection of the mark with the USPTO in 2017, followed by a filing in 2020, and a registration in 2021.

23. Plaintiffs hold a valid federal and state common law trademark for the mark "A Killer's Confession" under USPTO Serial Number 90021699.

24. Defendant has used Plaintiffs' mark in commerce without authorization in connection with the production and marketing of Netflix's "The Confession Killer" series.

25. The unauthorized use of the AKC mark, as well as the likeness of the name and mark by the infringing series, has caused, and continues to cause, actual confusion and is likely to deceive the public into believing that Netflix's "The Confession Killer" series is affiliated with, in association with, sponsored by, and/or supported by Plaintiffs.

26. The unlawful use of AKC's mark by Netflix's "The Confession Killer" series falsely misrepresents the nature, origin, and relationship between Plaintiffs and Defendant.

27. Defendant's actions constitute false designation of origin which have and are likely to continue to cause confusion, mistake, or deception among consumers as to Defendant's products or services, the supposed affiliation between Plaintiffs and serial killers, or Plaintiffs' support for serial killers and its disregard for their victims, in violation of Section 43(a) of the Lanham Act and 15 U.S.C. §1125(a)(1).

28. Defendant's violations of Section 43(a) of the Lanham Act are, and have been, knowing, willful, intentional, and deliberate.

29. Unless enjoined by the Court, Defendant will continue to violate Plaintiffs' rights and cause confusion, mistake, deception, and the dilution of the mark, thereby causing immediate and irreparable injury to Plaintiffs.

30. Plaintiffs have suffered damages as a proximate result of Defendant's infringing act and is entitled to recover Defendant's profits attributable to their acts of infringement, along with damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. §1117(a).

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114)

31.    Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-30 of this Complaint.

32.    Defendant's advertising, promotion, distribution, and licensing of Netflix's "The Confession Killer" series is likely to cause, and has caused, confusion, mistake, or deception as to the source or sponsorship of the infringing series, the subject of the series, as well as Defendant's associated products and/or services.

33.    As a result of Defendant's continued unauthorized use of AKC's federally registered mark, consumers are likely to believe that the subject of the infringing series, as well as the subject matter thereof (serial killers), are approved, supported, or otherwise associated with Plaintiffs.

34.    Such usage falsely represents that Plaintiffs support the actions of serial killers, and that Defendant is legitimately connected to AKC, or at least authorized by AKC, and places AKC and Mr. Reavis' without power as to its own reputation, the ability to control the mark, and the quality and beliefs shared by the series using the infringing mark.

35.    Defendant's infringement of AKC's registered trademark is willful, intended to reap the benefit of AKC's goodwill, and violates Section 32(1) of the Lanham Act, 15 U.S.C. §1114.

36.    Defendant's conduct has caused and is causing irreparable injury to AKC and will continue to both damage AKC and deceive the public unless Defendant is enjoined by this Honorable Court.

37.    Defendant's aforementioned acts have been conducted willfully and intentionally, with deceptive intent, thereby making this an exceptional case under 15 U.S.C. §1117.

**COUNT III**
**DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

38. Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-37 of this Complaint.

39. Defendant, without Plaintiffs' consent, intended to and did trade on the goodwill associated with AKC and the mark, willfully and in bad faith, by using them in commerce without Plaintiffs' authorization or approval in a false and misleading manner.

40. The California Unfair Practices Act, beginning at Section 17000 of the California Business & Professions Code, prohibits unfair competition and "any unlawful, unfair or fraudulent business act or practice, and unfair, deceptive, untrue, or misleading advertising."

41. Defendants actions constitute unfair and deceptive acts in violation of the California Unfair Practices Act.

42. As a result of Defendant's actions, Plaintiffs have suffered damages, and are entitled to injunctive relief, an accounting of Defendants' profits, to damages and to costs.

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendant as follows:

a. For statutory and/or compensatory damages in such amount as may be found, or as otherwise permitted by law;

b. For an accounting of, and the imposition of a constructive trust with respect to, Defendant's profits attributable to their infringement of Plaintiff's trademark;

c. For disgorgement of profits attributable to Defendant's infringing use of the mark;

d. For a preliminary and permanent injunction prohibiting Defendant and its respective agents, servants, employees, officers, successors, licensees, assigns, and

    all persons acting in concert with each or any of them, from (a) using the mark in any form or manner; (b) engaging in any conduct which will cause or is likely to cause confusion, mistake, or misunderstanding as to the source, affiliation, connection, or association of Defendant's infringing series with Plaintiffs; or (c) otherwise infringing upon Plaintiffs' trademark rights or unfairly competing with Plaintiffs in any manner whatsoever;

e. For the value of the benefits Defendant has acquired from the unlawful use of the mark;

f. For prejudgment interest according to law;

g. For Plaintiffs' attorneys' fees, costs, and disbursement in this action;

h. For a declaratory judgment confirming that AKC's registration is valid, subsisting, and incontestable; and

i. For such other and further relief as this Honorable Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on issues so triable.

Dated: December 6, 2022

                                              **THE BERMUDEZ LAW FIRM, P.A.**

                                              /s/ Angel Ariel Bermudez
                                              Angel Ariel Bermudez, Esq.
                                              CA. Bar No. 337847

                                              8660 W Flagler St.
                                              Suite 100
                                              Miami, FL 33144
                                              Tel: 877-782-5922
                                              Fax: 786-244-6544

                                              *Counsel for Plaintiffs*